## Zeigler v. Zeigler

*John R. Gailey,* for plaintiff.
*Robert G. Teeter,* for defendant.

SPICER, *P.J.*, June 1, 1982—Defendant has filed exceptions to a master's report recommending that maritally held property be sold and the proceeds divided. Basically, the exceptions amount to a challenge of the court's power to order a sale of marital property in a divorce proceeding.

This challenge is based upon two positions advanced by defendant. He urges the court to interpret the Divorce Code so as to only authorize distribution to the parties, thereby precluding a sale to a third party. He also urges the court to require partition of the property consonant with Pa.R.C.P. 1551.

Defendant reads the provisions of The Divorce Code of April 2, 1980, P.L. 63, 23 P.S. §401(d) as limiting the court's power to that of distributing the property to the parties. The language upon which this argument rests is: (d) In a proceeding for divorce or annulment, the court shall, upon request of either party, equitably divide, distribute or assign the marital property between the parties. . . .

Thus, defendant urges us to hold that the property must be retained and distributed in kind.

It is a matter of statutory construction. In some states, statutes require distribution in kind. See discussion 24 Am.Jur. 2d §934. However, we do not interpret the Divorce Code as limiting the court's power to dispose of marital property to distributions in kind. In section 301(a)(1), the court is given jurisdiction to determine and dispose of property rights and to partition jointly held property. The court is given full equity powers in section 401(c) "to effectuate the purposes of this act" with power to grant such relief or remedy as equity and justice require.

Given the philosophy behind the Divorce Code to effectuate economic justice by fair and just determinations and settlement of property rights (section 102(6)), we refuse to limit the power of the court by adopting defendant's interpretation.

Defendants' second argument is that the Rules of Civil Procedure affecting partition must be followed.

As we have noted, the court has been given jurisdiction to effectuate partition by the code in section 301(a)(1). The rules affecting divorce cases, Rules 1920.1 et seq. do not incorporate partition rules. While the rules reflect a philosophy of effectuating what is fair and equitable, there are no requirements that we determine if the property can be divided, without doing prejudice to its value as a whole. There is no provision for a sale confined to the parties or establishing rights of parties to take purparts.

It would seem that the Divorce Code supersedes actions in partition when there are divorce proceedings in progress, Pietsch v. Pietsch, Equity Docket no. 21 Page 150, Lancaster County; Ferri v. Ferri, Family Division Allegheny County, FD-81-05124 (1981); but not when there are no divorce proceedings: Daniels v. Daniels, 19 D. & C. 3d 36 (1980).

Pa.R.C.P. 1551 et seq. dictates certain procedures before a public sale is authorized. We note that the provisions of 68 P.S. §501 empowered a court sitting in equity to immediately appoint a trustee to sell property formerly held as entireties property. The section, 502, authorizing sale has been repealed insofar as inconsistent with general rules. There are no divorce rules which establish preliminary conditions to a public sale.

In light of the foregoing, we consider whether the

master could have properly recommended an immediate sale. We look to the record and the master's discussion to determine if his recommendation was based upon fair and equitable principles. If the evidence supports a conclusion that the property could not have been equitably divided, we will not require that procedures of Pa.R.C.P. 1551 et seq. be followed.

In this regard, we note that the real estate consists of 22 acres. It is unimproved. It was conveyed to the parties by defendant's parents from a farm, owned by the parents. A lawsuit, brought by the parents for the purchase price has recently ended. (The jury found the transfer to have resulted from a gift.) The property fronts only some three hundred feet on a public road despite its acreage. The property has not been subdivided.

There were no liquid assets included in the marital property. The real estate is by and large the major asset of the parties.

There is ample basis upon which to conclude that the property cannot equitably be distributed in kind by being divided.

We will allow defendant to submit a plan of division, however. The property will be listed with a broker for sale in parts and for sale as a whole. If it is possible to convey a portion to defendant without prejudicing plaintiff, the court will certainly do it.

## ORDER

And now, June 1, 1982, defendant's exceptions are dismissed. The order attached to the master's report is amended to provide that defendant may submit a plan of division as to the real estate within 20 days of this date and that the real estate will be offered for sale in conformity to the attached opinion.